**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

Jerry Sparks,

        Plaintiff,

v.

Credit Systems of the Fox Valley, Inc; and DOES 1-10, inclusive,

        Defendants.

Civil Action No.: 1:14-cv-14016

**COMPLAINT**

For this Complaint, Plaintiff, Jerry Sparks, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. Plaintiff, Jerry Sparks ("Plaintiff"), is an adult individual residing in Brockton, Massachusetts, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Credit Systems of the Fox Valley, Inc ("CSFV"), is a Wisconsin business entity with an address of 630 South Green Bay Road, Neenah, Wisconsin 54956, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.  Does 1-10 (the "Collectors") are individual collectors employed by CSFV and whose identities are currently unknown to Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.  CSFV at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8.  Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9.  The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes, which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to CSFV for collection, or CSFV was employed by the Creditor to collect the Debt.

11. Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. CSFV Engages in Harassment and Abusive Tactics

12. Within the last year, CSFV called Plaintiff up to three (3) times per day in an attempt to collect the Debt.

13. Plaintiff explained to CSFV that he had spoken with the Creditor and that the Debt was the result of an insurance billing error.

14. In response, CSFV called Plaintiff a liar and told him that it would not call the hospital and that he needed to pay the Debt.

### C. Plaintiff Suffered Actual Damages

15. Plaintiff has suffered and continues to suffer actual damages as a result of Defendants' unlawful conduct.

16. As a direct consequence of Defendants' acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

### COUNT I
### VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

17. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

18. Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with collection of the Debt.

19. Defendants' conduct violated 15 U.S.C. § 1692d(2) in that Defendants used abusive language when speaking with Plaintiff.

20. Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect the Debt.

21. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA.

22. Plaintiff is entitled to damages as a result of Defendants' violations.

### COUNT II
### VIOLATION OF THE MASSACHUSETTS CONSUMER PROTECTION ACT, M.G.L. c. 93A § 2, et seq.

23. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24. Defendants employed unfair or deceptive acts to collect the Debt, in violation of M.G.L. c. 93A § 2.

25. Defendants called Plaintiff more than twice per week, in violation of 940 CMR § 7.04(1)(f).

26. Defendants' failure to comply with these provisions constitutes an unfair or deceptive act under M.G.L. c. 93A § 9 and, as such, Plaintiff is entitled to double or treble damages plus reasonable attorney's fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);
3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);
4. Double or treble damages plus reasonable attorney's fees pursuant to M.G.L. c. 93A § 3(A);
5. Punitive damages; and
6. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: October 29, 2014

Respectfully submitted,

By  /s/ Sergei Lemberg

Sergei Lemberg (BBO# 650671)
LEMBERG LAW, L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424

Attorneys for Plaintiff

Attorneys for Plaintiff